UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ABDUL RAHIM HOWARD,

                  Petitioner,           **MEMORANDUM AND ORDER**

    -against-                      Case No. 11-CV-5208 (FB)

UNITED STATES OF AMERICA,

                  Respondent.
-------------------------------------------------------------x

*Appearances:*
*For the Petitioner:*
ABDUL RAHIM HOWARD, *pro se*
#72346-053
Federal Correctional Institution
P.O. Box 1000
Otisville, NY 10963

*For the Respondent*:
LORETTA LYNCH, ESQ.
United States Attorney
Eastern District of New York
BY:   JOHN DAVID BURETTA, ESQ.
       JONATHAN E. GREEN, ESQ.
       Assistant United States Attorneys
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

Petitioner Abdul Rahim Howard filed his first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on June 11, 2010. The court denied that petition in its entirety and denied Howard's subsequent motion for reconsideration. Howard then filed a notice of appeal.

On October 21, 2011, Howard filed a second § 2255 petition. This court found that the petition was a successive one, and transferred it to the Second Circuit in accordance with *Liriano v. United States*, 95 F.3d 119 (2d Cir. 1996). The Second Circuit determined that because Howard's appeal of the denial of the 2010 petition was still pending his 2011 petition was not "successive," and ordered as follows: that (1) the 2011 petition and the appeal of the 2010 petition

are consolidated and (2) the consolidated action is transferred to the district court for "whatever further action the district court finds appropriate." *See* United States Court of Appeals for the Second Circuit Order, Docket Entry 3.

## I

Howard was convicted, following a jury trial, of conspiracy to possess and distribute at least fifty grams of cocaine base, use of a drug-related premises to distribute and store cocaine base, and distribution and possession of cocaine base within 1,000 feet of a playground, in violation of 21 U.S.C. §§ 846, 856, and 860. He was sentenced to the statutory mandatory minimum of 240 months imprisonment and ten years of supervised release. His conviction was affirmed on appeal.

## II

The court has already rejected the claims raised in Howard's 2010 petition twice: in its original decision denying the petition, and in responding to the motion for reconsideration. *See Howard v. United States*, 2011 WL 1674800 (E.D.N.Y. 2011). Howard has raised no new arguments with respect to the 2010 petition, and accordingly the court will not consider those claims for a third time.

Howard submits the following new arguments in his 2011 petition: (1) that Howard's sentencing was procedurally inadequate because the court failed to follow the process set forth in 21 U.S.C. § 851(b); (2) he was the victim of "vindictive prosecution"; and (3) that his counsel, Mark S. DeMarco, was ineffective as trial and appellate counsel because he did not

object to several purported errors in the indictment and jury charge.[1]  As a preliminary matter,

because Howard is pro se the court will liberally construe his motion and will analyze the first

two arguments as challenges to the effectiveness of his counsel.  *See Bertin v. United States*, 478

F.3d 489, 491 (2d Cir. 2007) (courts liberally construe pleadings and briefs submitted by pro se

litigants, reading them to raise the strongest arguments they suggest).  The court would

otherwise be obligated to reject those claims, because petitioners are barred from raising

arguments in a § 2255 motion that were not raised on direct appeal.  *See De Jesus v. United States*,

161 F.3d 99, 102 (2d Cir. 1998).

   To prevail on his ineffective assistance of counsel claims, Howard must show "(1)

that his attorney's performance fell below an objective standard of reasonableness, and (2) that

as a result he suffered prejudice."  *United States v. Jones*, 482 F.3d 60, 76 (2d Cir. 2006) (citing

*Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  "A reviewing court must indulge a strong

presumption that counsel's [performance] falls within the wide range of reasonably professional

assistance."  *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004).  Prejudice is shown only if

"there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the

proceeding would have been different."  *Wiggins v. Smith*, 539 U.S. 510, 534 (2003).

**A. Failure to follow § 851(b)**

   Howard first argues that the sentencing court failed to follow the procedures set

forth in 21 U.S.C. § 851(b), which "clearly requires that before a sentence is imposed, the court

must ask the defendant personally to affirm or deny whether he has been previously convicted

---

[1] The government has not submitted any memoranda in opposition to Howard's 2011 petition.

as set forth in the information." *United States v. Espinal*, 634 F.3d 655, 663 (2d Cir. 2011). Even

assuming that the sentencing court failed to precisely follow the requirements of § 851(b)

however, this would "not automatically invalidate the sentence," *id.* at 665; a sentencing may

comply with the requirements of § 851(b) where, as was the case here, the defendant had notice

of the prior felony information and the fact that it could be used to enhance his sentence, and

failed to raise any objection. *See United States v. Harwood*, 998 F.2d 91, 101 (2d Cir. 1993). In

addition, Howard "has not set forth any grounds on which he would have challenged his prior

conviction." *Martin v. United States*, 834 F. Supp. 2d 115, 134 (E.D.N.Y. 2011) (finding that a

failure to follow precise § 851(b) procedures was not prejudicial). He does not dispute that he

was previously convicted of a felony drug offense, nor does he argue that his Presentence Report

was inaccurate with respect to that conviction. Accordingly, his counsel's decision to not object

to this aspect of the sentencing procedure was a reasonable one, and any variation from the

required § 851(b) procedures did not prejudice Howard.

**B. Vindictive Prosecution**

Howard next contends that the government was "vindictive" in filing a

superseding indictment shortly before his trial date with five additional counts that, he argues,

could have been brought earlier. To succeed on a vindictive prosecution claim, a defendant must

allege that the prosecution was in retribution for the exercise of a legal right. *United States v.*

*White*, 972 F.2d 16, 19 (2d Cir. 1992). Howard fails to submit any facts that would give rise to a

presumption of vindictiveness or animus on the part of the government. *United States v. Johnson*,

171 F.3d 139, 140 (2d Cir. 1999). Because Howard's vindictive prosecution claim is meritless, his

defense counsel did not render ineffective assistance by failing to raise such a claim. *See Jameson*

*v. Coughlin*, 22 F.3d 427, 429 (2d Cir. 1995) (Sixth Amendment does not require counsel to "present meritless arguments"). Any reasonable attorney would have done the same, and this conduct did not prejudice Howard.

**C. Ineffective Assistance of Trial and Appellate Counsel**

Finally, Howard lists several other examples of his counsel's allegedly ineffective assistance: (1) counsel should have moved to dismiss the indictment on double jeopardy grounds; (2) counsel failed to object when the court permitted the jury to aggregate drug quantities from multiple transactions for Count One and Count Two of the indictment; (3) counsel should have objected to the court's "constructive amendment" of the indictment during the jury charge; and (4) counsel also should have raised these three issues on appeal.

Howard first contends that the overlapping nature of Counts Two and Four, for distribution of narcotics and distribution of narcotics near a playground, implicated double jeopardy, and that his attorney should have either moved for dismissal of the indictment or moved to dismiss one of the counts. The court noted, in a discussion with the parties, that being found guilty of these two counts would violate double jeopardy. *See* Pet.'s Ex. A, Tr. at 250. As a result, after the termination of Howard's jury trial, the court dismissed Count Two "as being the same as Count Four." Docket, 04-CR-942; *see United States v. Reed*, 639 F.2d 896, 904 n.6 (2d Cir. 1981) ("The principal danger in multiplicity that the defendant will be given multiple sentences for the same offense can be remedied at any time by merging the convictions and permitting only a single sentence"). Howard was not punished for that duplicative count, and thus cannot argue that his counsel's failure to raise this issue prejudiced him.

Howard next argues that his counsel was ineffective for failing to challenge the

5

aggregation of drug quantities for Count One, conspiracy to distribute narcotics, and Count Two, distribution of narcotics. With respect to Count One, because conspiracy is a "single, unified offense," it is appropriate to "aggregate [the] quantity of all the subsidiary [drug] transactions." *United States v. Pressley*, 469 F.3d 63, 66 (2d Cir. 2006). Contrary to Howard's argument that the court permitted the jury to aggregate drug transactions for Count Two, which would have been error because "§ 841(b) does 'not call for aggregation of the drug quantities in. . . substantive counts,'" *id.* (quoting *United States v. Harrison*, 241 F.3d 289, 291 (2d Cir. 2000)), the court expressly asked the jury to identify whether Howard distributed or possessed particular quantities of narcotics on any single occasion. *See* Pet.'s Ex. B, Tr. at 382. Accordingly, the court did not err with respect to aggregating the drug quantities for these counts, and the choice of Howard's counsel to not voice an objection on such meritless grounds was reasonable.

In addition, Howard claims that the trial court constructively amended the indictment while charging the jury by erroneously listing additional elements for Count Three, use of a drug-related premises, and that counsel should have objected to this instruction. The terms of the indictment state that Howard "manage[d] and control[led] a place as an employee" and "knowingly and intentionally" made that place available for "storing, distributing and using" controlled substances. Second Superseding Indict. at 3. For the jury instruction, the court read the entirety of the relevant statute, 21 U.S.C. § 856(a)(2): "That the defendant managed or controlled a building, room, or enclosure, either as an owner, lessee, agent, employee, or mortgagee; and . . . That the defendant knowingly and intentionally rented, leased, or made available for use with or without compensation, the building, room, or enclosure." Pet's Ex. A., Tr. at 334. This jury instruction, although it included terms not found in the indictment, did not

amount to a constructive amendment, which would require a showing that the jury instructions "so altered an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment." *United States v. Rigas*, 490 F.3d 208, 227 (2d Cir. 2007). There is no constructive amendment if the defendant was given "notice of the core of criminality" at issue. *Id.* Howard was well aware, and the indictment communicated, that he was charged with violating 21 U.S.C. § 856(a)(2); the jury charge did not contradict this, indeed it reinforced the essential elements of the crime at issue. Accordingly, his counsel cannot be faulted for not raising this meritless argument; Howard was not prejudiced by his counsel's reasonable behavior.

In sum, because Howard's arguments regarding double jeopardy, aggregation of drug quantities, and constructive amendment have no merit, his counsel was not ineffective for failing to raise these issues over the course of the trial. For the same reason, it was not error for his counsel to choose not to present these matters on appeal.

### III

For the foregoing reasons, Howard's motion to vacate, set aside, or correct his sentence pursuant to § 2255 is denied. Because Howard has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c).

**SO ORDERED**                    /s/ Judge Frederic Block

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 16, 2012