UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x

ABDUL RAHIM HOWARD,

          Petitioner,

  -against-                   **MEMORANDUM AND ORDER**
                                 11-CV-05208 (FB)

UNITED STATES OF AMERICA,

          Respondent.

---------------------------------------------------x

*Appearances:*
For the Petitioner:                       *For the Respondent:*
ABDUL RAHIM HOWARD, *Pro Se*       JOHN DAVID BURETTA, ESQ.
No. 72346-053                           Assistant District Attorney
Metropolitan Detention Center        Eastern District of New York
P.O. Box 329002                            271 Cadman Plaza East
Brooklyn, NY 11232                      Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

      On October 21, 2011, Petitioner Abdul Rahim Howard ("Howard") filed a second motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. The Court denied the petition on August 16, 2012 and denied a subsequent motion for reconsideration on November 25, 2013. Howard now moves to vacate the Court's August 12, 2012 and November 25, 2013 orders pursuant to FED. R. CIV. P. 60(b)(4) and 60(b)(6). Howard also moves the Court to recuse itself pursuant to 28 U.S.C. § 455(a).[1] For the reasons that follow, his motions are denied.

---

[1] In his recusal motion, Howard also cites to 28 U.S.C. § 144. Under § 144, a party must file an affidavit stating reasons why the Court has a "personal bias or prejudice either against him or in favor of an adverse party." Howard has not done so. As such, § 144 is inapplicable.

# I.

A jury convicted Howard of the following offenses: (1) conspiracy to possess and distribute at least 50 grams of cocaine base and one kilogram of heroin; (2) use of drug related premises to distribute and store cocaine base and heroin; and (3) distribution and possession of cocaine base and heroin within 1,000 feet of a playground. He was sentenced to 240 months' imprisonment. His conviction was affirmed on appeal. *See United States v. Ramos*, 314 F. App'x 344 (2d Cir. 2008), *cert. denied*, 130 S. Ct. 1045 (2009).

Howard first moved for habeas relief on June 11, 2010. The Court denied that petition and a subsequent motion for reconsideration. On October 11, 2011, Howard filed another habeas petition ("2011 petition"). The Court transferred Howard's 2011 petition to the Second Circuit as a successive petition. The Second Circuit found the 2011 petition was not successive and remanded it to the Court for "whatever further action the district court finds appropriate." Dkt. No. 3 (Order of USCA) at 2.

On August 16, 2012, the Court denied Howard's 2011 petition. Howard filed numerous reconsideration motions which the Court denied in orders dated December 13, 2012, November 25, 2013 and December 13, 2013.[2]

---

[2] The November 25, 2013 order addressed three claims raised in connection with his 2011 petition which were omitted from the August 16, 2012 order.

## II.

**A.     Reconsideration**

Howard argues that the Court's August 12, 2012 and November 25, 2013 orders are void under Rule 60(b)(4) because he was denied due process. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138 (2d Cir. 2011) ("A judgment is void under Rule 60(b)(4) . . . if the court that rendered it . . . acted in a manner inconsistent with due process of law.") (internal citations and quotations omitted).

Howard contends that he was denied due process when the Court did not hold an evidentiary hearing for three ineffective assistance of counsel claims.[3]  This argument is unavailing. A petitioner must state a "plausible claim" to obtain an evidentiary hearing on an ineffective assistance of counsel claim. *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009). As explained in the Court's August 12, 2012 and November 25, 2013 orders, the record conclusively showed that these claims were not plausible. Therefore, an evidentiary hearing was unnecessary.

Howard also maintains that he was denied due process when the Court rejected his 2011 petition without requiring a response from the government and an affidavit from his attorney. The Court was not required to direct a government response to

---

[3] Howard alleged that his counsel ineffectively failed to: (1) argue that the Court did not follow sentencing procedures set forth in 21 U.S.C. § 851; (2) move to dismiss his indictment for a speedy trial violation; and (3) challenge the sufficiency of the evidence on Count Four of the Superceding Indictment.

3

Howard's 2011 petition. *See Nelson v. United States*, No. 01-CV-3439, 2001 WL 799760, at *1 (E.D.N.Y. July 16, 2001) ("Because the arguments raised in the petition were plainly . . . without merit . . . [the Court] was not required to . . . direct the government to respond."). The Court was also not required to solicit an affidavit from Howard's attorney. *See Abad v. United States*, No. 09-CV-8985, 2014 WL 521541, at *1 (S.D.N.Y. Feb. 6, 2014) ("Petitioner was not denied due process when the Court denied his habeas petition without . . . requiring the submission of attorney affidavits during the habeas proceeding."); *see also Lorenzana v. United States*, No. 11-CV-6153, 2013 WL 4400526, at *3 (S.D.N.Y. Aug. 15, 2013) ("[T]he Court is not required to solicit sworn statements in connection with its evaluation of a habeas motion."). As such, Howard has not established grounds for relief under Rule 60(b)(4).

Howard's motion also fails under Rule 60(b)(6). "Relief under Rule 60(b)(6) is appropriate only in cases presenting extraordinary circumstances." *Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001) (internal citations and quotations omitted). "Such circumstances will rarely occur in the habeas context." *Gonzales v. Crosby*, 545 U.S. 524, 535 (2005). Howard has not shown extraordinary circumstances meriting relief under Rule 60(b)(6).

**B.     Recusal**

A judge shall recuse himself "in any proceeding in which his partiality might reasonably be questioned." 28 U.S.C. § 455(a). The inquiry is "whether an objective,

disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal." *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (internal citations and quotations omitted) (alteration in original). "Recusal motions are committed to the sound discretion of the district court." *LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007).

Howard fails to demonstrate a basis for recusal. In his recusal motion, Howard improperly attempts to relitigate claims the Court previously rejected. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a . . . partiality motion."). Howard also challenges a statement made by the Court during an evidentiary hearing for his first habeas petition on March 31, 2011:

> I tell you, quite frankly, when I came in here today, I thought this would be a short, almost *pro forma*, proceeding giving the defendant his day in court. As a result of listening to everything, I think it's a little bit more than that.

Hr'g Tr. (Mar. 31, 2011) at 100. This statement provides a wholly insufficient basis for recusal. *See Liteky*, 510 U.S. at 555 ("[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a . . . partiality motion unless they display a deep-seated favoritism or antagonism as to make fair judgment impossible."). To the contrary, the remark demonstrates that the Court duly considered evidence presented in the hearing. Accordingly, Howard's meritless recusal motion is denied.

## III.

For the foregoing reasons, Howard's motion is denied. As Howard has not made a substantial showing of a denial of his constitutional rights, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 7, 2015